**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50013, 50014, & 50015**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 5, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ADRIAN CHARLES NEEDS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Orders revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

In these consolidated appeals, Needs appeals from orders revoking his probation. Needs argues that the district court erred in denying his motions to continue his probation revocation disposition hearings. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In Docket No. 50013, Needs pled guilty to domestic battery with traumatic injury. I.C. § 18-918(2)(a). Needs was sentenced to a unified term of four years, with a minimum period of confinement of two years. The district court suspended the sentence and placed Needs on probation.

1

In Docket No. 50014, Needs pled guilty to first degree stalking. I.C. § 18-7905. Needs was sentenced to a unified term of five years, with a minimum period of confinement of two years, to be served concurrently with his sentence in Docket No. 50013. The district court suspended the sentence and placed Needs on probation. Needs admitted to violating the terms of his probation in Docket No. 50013, and the district court continued Needs on probation.

Thereafter, in Docket No. 50015, Needs pled guilty to violation of a no-contact order. I.C. § 18-920(3)(F)(3). Needs was sentenced to a unified term of five years, with a minimum period of confinement of three years, to run concurrently with his other two sentences. The district court retained jurisdiction and sent Needs to participate in the rider program. Needs also admitted to violating the terms of his probation in Docket Nos. 50013 and 50014; the district revoked probation in those cases and sent Needs to participate in the rider program in conjunction with the disposition in Docket No. 50015.

Following completion of his rider, the district court suspended the sentence in each case and again placed Needs on probation. Needs subsequently admitted to violating his probation, but the district court continued Needs on probation until he again admitted to violating his probation. At the disposition hearing, Needs admitted that he had continued to violate the terms of probation while awaiting disposition and requested that the district court continue the hearing for thirty days. The district court denied the motion to continue, revoked Needs' probation in all three cases, and ordered his previously suspended sentences executed. Needs appeals.

## II.

## STANDARD OF REVIEW

The decision to grant a motion for a continuance rests within the sound discretion of the trial court. *State v. Ransom*, 124 Idaho 703, 706, 864 P.2d 149, 152 (1993). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). In order to show an abuse of discretion based on the denial of a motion to continue, the appellant must show his substantial rights have been prejudiced. *State v. Cagle*, 126 Idaho 794, 797, 891 P.2d 1054, 1057 (Ct. App. 1995).

## ANALYSIS

Needs asserts that the district court erred by denying his motion to continue the disposition hearing in his cases for thirty days to allow him time for continued treatment in the community. The State responds that the district court acted well within its discretion in determining that a continuance for another attempt at community treatment was not warranted. We hold that Needs has failed to show the district court abused its discretion in denying his motion to continue his probation disposition hearing.

In moving for a continuance, Needs requested "an opportunity to actually work the program now that he is getting treatment" and indicated that "hopefully" the environment at the transitional housing would improve. According to Needs, the environment at his transitional housing resulted in "significant struggles" involving drugs and relapse. Needs argues these circumstances supported his request for a continuance and contends the district court "did not exercise reason, and thus abused its discretion, by denying his request." We disagree. The district court acted well within its discretion in concluding that Needs had demonstrated an inability to comply with the terms of probation, despite many opportunities to show otherwise. The district court explained:

> Mr. Needs, I absolutely recognize what you are saying, but I can't ignore the fact that you're continuously using.
>
> On the '19 cases, this is the third probation violation. You've got the two new cases. I sent you on a rider. You got probation after the rider. You had a probation violation.
>
> I gave you another chance, put you back on probation. And you were homeless. You relapsed on methamphetamine. You didn't go to your treatment. You were arrested out of state.
>
> . . . . I agree with the State and probation at this point. I'm just going to impose the sentence. You just don't do well on probation. I think it's time to get off probation.
>
> I'll give you credit for all time served. I hope you'll take advantage of all the treatment in prison and move forward with your life.

The district court properly recognized its discretionary decision to deny Needs' motion to continue, acted consistently with applicable legal standards, and exercised reason in denying Needs' motion. Needs has failed to show otherwise.

## IV.
## CONCLUSION

Needs has failed to show that the district court abused its discretion by denying his motions to continue his probation violation disposition hearing. Accordingly, the district court's orders revoking probation are affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.